IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ADMINISTRATIVE DISTRICT COUNCIL 1 OF ILLINOIS OF THE INTERNATIONAL UNION OF BRICKLAYERS AND ALLIED CRAFTWORKERS, AFL-CIO, | ) ) ) ) ) ) | |
| Judgment Creditor, | ) ) | Case No. 09 C 6794 |
| v. | ) ) | Judge Aspen |
| WESLEY ORLOWSKI, ET AL., | ) ) | |
| Judgment Debtors, | ) ) | |
| MARQUETTE BANK, | ) ) | |
| Third-Party Citation Respondent. | ) | |

**JUDGMENT CREDITOR'S MOTION FOR A
CONTEMPT JUDGMENT AGAINST MARQUETTE BANK**

Judgment Creditor Administrative District Council 1 of Illinois of the International Union of Bricklayers and Allied Craftworkers, AFL-CIO (the "Union"), through its attorneys, respectfully moves for a judgment against Marquette Bank ("the Bank") in the amount of $16,368.34, plus reasonable attorneys' fees and costs, because of the Bank's violation of the restraining provisions of a third-party citation to discover assets served on it. In support of its motion, the Union states as follows:

1. On August 26, 2010, the Court entered judgment in favor of the Union and against Wesley Orlowski and Orlowski Company Inc. ("Judgment Debtors") in the amount of $101,686.90. To date, the Judgment Debtors have paid only $15,000.00 toward the judgment.

2. On April 13[1], the Union sent a third-party citation to discover assets to the Bank by certified mail, return receipt requested (the citation is attached as Exhibit A). As permitted by 735 ILCS 5/2-1402(f)(1), the citation prohibited the Bank from "making or allowing any transfer or other disposition of" Mr. Orlowski's assets "until the further order of the court" (Ex. A at 3). The Bank received the citation on April 16 (the return receipt showing that date is attached as Exhibit B).

3. In a citation deposition on June 23, Mr. Orlowski provided an account statement from the Bank showing a $16,368.34 "debit memo" to his account on April 16. Mr. Orlowski explained that this "debit memo" represented the Bank making a withdrawal from his account and applying that money to the balance of a mortgage upon the Bank's receipt of the citation. (The statement showing the "debit memo" is attached as Exhibit C. Relevant excerpts from the deposition transcript are attached as Exhibit D.)

4. In pertinent part, Rule 69(a) of the Federal Rules of Civil Procedure states:

> The procedure on execution, in proceedings supplementary to and in aid of a judgment, and in proceeding on and in aid of execution shall be in accordance with the practice and procedure of the state in which the district court is held[.]

5. Under Illinois law, the citation prohibited the Bank from transferring Mr. Orlowski's assets (Ex. A at 3), but the Bank ignored this prohibition and transferred Mr. Orlowski's account balance to itself. Accordingly, the Court should hold the bank in contempt and enter a judgment against the Bank in the amount of the property transferred, i.e., $16,368.34, as permitted by 735 ILCS 5/2-1402(f)(1).

---

[1] All dates 2015 except as noted.

6. The Bank has contended that it has a secured interest in the $16,368.34. However, in response to a request from the Union that the Bank substantiate this contention, the Bank has only provided documents which are missing pages, and the pages the Bank has provided do not show a secured interest in Mr. Orlowski's deposit accounts. The Union submits that it should be the Bank's burden to demonstrate whether it has any claim to the $16,368.34 that prevents that amount from being applied to the judgment. *See* 735 ILCS 5/2-1402(g). ("If it appears that any property, chose in action, credit or effect discovered, or any interest therein, is claimed by any person, the court shall, as in garnishment proceedings, permit or require the claimant to appear and maintain his or her right.").

7. Further, even if the Bank could demonstrate a security interest in the $16,368.34 superior to the Union's citation lien, that would not justify the Bank's unilateral action in transferring Mr. Orlowski's account balance to itself. Rather, a third party citation respondent must assert its secured interest in court and freeze the debtor's assets pending judicial determination. *One CW, LLC v. Cartridge World N. Am., LLC*, 661 F. Supp. 2d 931, 937 (N.D. Ill. 2009). So the Bank acted in contempt of the citation's restraining provision even if it could establish a superior secured interest in the $16,368.34 account balance.

8. Any party who violates a citation freeze can be punished "as and for a contempt." 735 ILCS 5/2-1402(f)(1). This can include reasonable attorneys' fees and costs. *Shales v. T. Manning Concrete, Inc.*, 847 F. Supp. 2d 1102, 1118-20 (N.D. Ill. 2012). Accordingly, the Union requests that the Court award it reasonable attorneys' fees and costs, and direct the parties to follow the process provided for in Local Rules 54.1 and 54.3 to ascertain the precise amount.

WHEREFORE, the Administrative District Council 1 of Illinois of the International Union of Bricklayers and Allied Craftworkers, AFL-CIO respectfully requests that this Court enter a judgment in its favor against Marquette Bank in the amount of $16,368.34, plus reasonable attorneys' fees and costs, in the form of the attached proposed order or otherwise.

Barry M. Bennett (#6194493)
Josiah A. Groff (#6289628)
**DOWD, BLOCH, BENNETT & CERVONE**
8 S. Michigan Avenue--19th Floor
Chicago, IL 60603
312-372-1361

July 13, 2015

Respectfully submitted,

/s/ Josiah A. Groff
Josiah A. Groff